# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SALEEM EL-AMIN,**

    Petitioner,

  v.             CASE NO. 18-3264-JWL

**N.C. ENGLISH,**

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed by a District of Columbia prisoner incarcerated at the U.S. Penitentiary, Leavenworth, Kansas. Petitioner commenced this action in the U.S. District Court for the District of Columbia, and the matter was transferred to this court.

### Background

Petitioner was convicted in the Superior Court of the District of Columbia of one count of armed robbery. In November 2014, he was sentenced to a term of 120 months. *See El-Amin v. United States*, 2016 WL 2866852 (Ct. Fed. Cl. May 11, 2016); *El-Amin v. Downs*, 272 F.Supp. 3d 147 (D.D.C. Aug. 9, 2017). The District of Columbia Court of Appeals affirmed his conviction. *El-Amin v. United States*, 164 A.3d 118 (D.C. Ct. App. May 11, 2017).

### Discussion

In this action, petitioner alleges his appointed attorney, Joseph Virgilio, provided ineffective assistance of counsel in the District of Columbia Court of Appeals.

A prisoner convicted under the District of Columbia Code may seek to invalidate his conviction or sentence under D.C. Code § 23-110.

That remedy generally is exclusive, and a D.C. offender may seek relief under the federal habeas corpus statute only if "it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *El-Amin v. United States*, 2018 WL 2728034 *2 (S.D. W.Va. June 5, 2018) (citing D.C. Code §23-110(g))(discussing post-conviction remedies available to a District of Columbia prisoner).

To present a claim of ineffective assistance of appellate counsel, however, a D.C. offender must proceed under a motion to recall the Court of Appeals' mandate. *See Reyes v. Rios*, 432 F.Supp. 2d 1, 3 (D.D.C. 2006)("[i]n the District of Columbia, challenges to the effectiveness of appellate counsel are properly raised through a motion to recall the Court of Appeals' mandate.") Petitioner states that he sought relief through such a motion (Doc. #1, pp. 1-2).[1]

In *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), the District of Columbia Circuit Court stated that a D.C. offender alleging the ineffective assistance of appellate counsel may proceed in federal habeas corpus under "the standard set forth in 28 U.S.C. § 2254" because that claim is not cognizable under D.C. Code §23-110. *Williams*, 586 F.3d at 1002. "[B]ecause the Superior Court lacks authority to entertain a 23-110 motion challenging the effectiveness of appellate counsel, that section is, by definition, inadequate to test the legality of [a D.C. offender's] detention." *Id*. at 998.

Accordingly, because petitioner alleges he has exhausted the

---

[1] Petitioner also unsuccessfully sought relief on this claim in independent civil actions. *See El-Amin v. Virgilio*, 251 F.Supp.3d 208 (D.D.C. 2017)(dismissing petitioner's malpractice and fraud claims against his appellate attorney as barred by res judicata; noting the D.C. Superior Court had rejected the same claims in separate action alleging negligent misrepresentation and fraud by appellate counsel).

proper remedy for his claim that he was denied the effective assistance of appellate counsel, he may proceed in habeas corpus. As a person convicted in the Superior Court of the District of Columbia, he is considered a state prisoner for purposes of habeas corpus under 28 U.S.C. § 2254. *See Smith v. United States*, 2000 WL 1279276 *1 (D.C. Cir. Aug. 23, 2000)(per curiam)(stating that a "conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law," and a prisoner challenging that conviction proceeds under § 2254).

The Court will direct the petitioner to complete a form petition to allow the screening of this matter.

IT IS, THEREFORE, BY THE COURT ORDERED the petitioner is granted to and including November 26, 2018, to submit a completed form petition for habeas corpus to the clerk of the court. The clerk of the court shall transmit the appropriate form and instructions to petitioner with this order.

**IT IS SO ORDERED.**

DATED:  This 26th day of October, 2018, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. Senior District Judge