# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SALEEM EL AMIN,

Petitioner,

v.                                              CASE NO. 18-3264-JWL

N.C. ENGLISH,

Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a prisoner in federal custody. The petition was filed in the U.S. District Court for the District of Columbia and was transferred to this Court on October 23, 2018.

On November 8, 2018, petitioner submitted a completed form petition as directed, and on November 15, 2018, the Court directed respondent to show cause why the petition should not be granted. On December 14, 2018, the Court extended the time for filing a response to and including January 31, 2019, and granted petitioner to and including March 4, 2019, to file a traverse.

Petitioner has five motions pending before the Court: a motion for release on recognizance (Doc. #11), three motions for expeditious determination (Docs. #6,[1] #12 and #16), and a motion for summary judgment (Doc. #17).

### Motion for release

Petitioner seeks immediate release pending the resolution of his habeas corpus petition. The Tenth Circuit has recognized the inherent

---

[1] The first of these motions was filed in the U.S. District Court for the District of Columbia and was unresolved at the time this matter was transferred to the District of Kansas.

power of a federal court to release a prisoner pending a decision on a habeas corpus petition, but such release requires either a showing of exceptional circumstances or a showing of a clear case on the merits. *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981)(citations omitted). Petitioner's challenge to his 2014 conviction does not establish either that exceptional circumstances exist or that he presents claims that are so clearly meritorious that release is warranted before respondent addresses the merits of the petition.

## Motions for expeditious review

Petitioner seeks the immediate resolution of his habeas corpus petition. As noted, a response is due in this matter on January 31, 2019, and petitioner has been granted until March 4, 2019, to file a traverse. Because this matter is not yet ripe for review, the Court will deny the motions.

## Motion for summary judgment

Petitioner seeks relief under Fed. R. Civ. P. 56 and argues that the respondent has failed to dispute his claim of constitutional violations in the criminal proceedings against him. However, a party is not entitled to summary judgment "merely because [the opposing party] failed to file a response." *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Rather, the entry of summary judgment is appropriate "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *19 Solid Waste Dep't Mechs. V. City of Albuquerque*, 156 F.3d 1068, 1071-71 (10th Cir. 1998)(internal citations and quotations omitted).

As noted, there has been no default in this matter. Rather, the time for a response is pending, and the Court will make a ruling when

the parties have completed their briefing under the schedule set. Petitioner is not entitled to summary judgment at this stage of the proceedings.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for release (Doc. #11) is denied.

IT IS FURTHER ORDERED petitioner's motions for expeditious review (Docs. #6, 12, and #16) are denied.

IT IS FURTHER ORDERED petitioner's motion for summary judgment (Doc. #17) is denied.

**IT IS SO ORDERED.**

DATED:  This 20th day of December, 2018, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge