IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**SALEEM EL-AMIN,**

                              **Petitioner,**

              v.                                   CASE NO. 18-3264-JWL

**N.C. ENGLISH, Warden**
**USP-Leavenworth**

                              **Respondent.**


**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, an offender convicted in the District of Columbia, is incarcerated at the United States Penitentiary-Leavenworth (USPL).

**Background**

In September 2014, petitioner was convicted in the Superior Court of the District of Columbia of one count of armed robbery. Although petitioner also was charged with one count of assault with a dangerous weapon (ADW), the trial judge did not instruct the jury on that lesser-included charge. In November 2014, the trial court sentenced petitioner to a term of 120 months.

Petitioner then filed an appeal in the District of Columbia Court of Appeals (DCCA). In January 2016, his appointed appellate counsel, Joseph Virgilio, moved to withdraw. Mr. Virgilio explained that after he filed an appellate brief on petitioner's behalf, petitioner filed three civil complaints against him alleging fraud and negligent misrepresentation due to his failure to argue that the trial judge's decision not to instruct the jury on the ADW charge violated petitioner's constitutional rights.

After Mr. Virgilio withdrew, April Fearnley was appointed to represent petitioner. Ms. Fearnley filed a supplemental brief and a reply brief that alleged error in the failure to instruct.

In May 2017, the DCCA affirmed petitioner's conviction. The DCCA addressed the failure to instruct as follows:

> Like the trial judge, we do not perceive a basis in the evidence to support a rational finding that [petitioner] committed the charged ADW but not the charged armed robbery. There was no dispute at trial over the elements that differentiate armed robbery from ADW. Whoever stabbed the complainant did so in the course of also robbing her of her purse; the only question at trial was whether it was [petitioner] who did those things. It would have required a bizarre reconstruction of the evidence for the jury to return a verdict of guilty against [petitioner] only on the lesser-included ADW count.

*Elamin v. United States*, No. 14-CF-2234 (Table)(DCCA May 11, 2017) (Doc. 25, Ex. 1, p. 4.)

Proceeding pro se, petitioner sought rehearing *en banc*, which was denied. He next filed a motion to recall the mandate, claiming that both Mr. Virgilio and Ms. Fearnley provided ineffective assistance of counsel. The DCCA also denied that motion.

In September 2017, petitioner filed a petition under 28 U.S.C. § 2241 in the District Court of the District of Columbia. Because petitioner was incarcerated at FCI McDowell, in Welch, West Virginia, the petition was transferred to the U.S. District Court for the Southern District of West Virginia. That court dismissed the petition without prejudice, finding petitioner showed no grounds to proceed under § 2241. *El-Amin v. United States*, 2018 WL 2728034 (S.D.W. Va., June 5, 2018).

Following petitioner's transfer to the USPL in June 2018, he filed another petition under § 2241. This Court dismissed that action, finding that petitioner could present his claim of ineffective assistance of appellate counsel in a petition under § 2254.

In July 2018, petitioner filed the present petition under § 2254 in the U.S. District Court for the District of Columbia, which transferred the matter to the District of Kansas.

### Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA allows a federal court to grant habeas corpus relief to a state prisoner "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, "[i]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Under the AEDPA, a narrow standard of review applies to actions brought under § 2254. Where a state court has reached the merits of a state prisoner's claims, a federal court may grant relief only if the prisoner shows that the state court's adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. §2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence present in the State court proceeding." § 2254(d)(2).

"Clearly established Federal law" refers to holdings of the U.S. Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court unreasonably applies clearly established federal law when it "arrives at a conclusion opposite to that reached by" the Supreme Court or when it "decides a case differently" than the Supreme Court on "materially indistinguishable facts." *Id*. at 412-13.

A state court unreasonably determines facts when it "plainly misapprehends or misstates the record in making its findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim." *Byrd v. Workman*, 645 F.3d 1159, 1170-72 (10th Cir. 2011).

**Analysis**

In this action, petitioner claims that Mr. Virgilio and Ms. Fearnley provided ineffective assistance of appellate counsel when they failed to present two arguments: first, that the failure of the trial court to instruct the jury on the ADW charge violated his due process rights, and second, that his conviction of armed robbery was based on a count that improperly charged him under both D.C. Code § 22-2801 and §22-4502.

A claim of ineffective assistance of counsel is evaluated under the two-part standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a party alleging ineffective assistance must allege first "that counsel's representation fell below an objective standard of reasonableness", *id*. at 688, and then must show prejudice by showing that there is "a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The Court addresses petitioner's claims in turn.

First, petitioner's claim of error based on the trial court's failure to instruct on the lesser included offense fails. It is indisputable that his second appellate counsel, Ms. Fearnley, did raise that claim. The DCCA's opinion squarely addresses the argument and rejects it[1].

Petitioner's second claim, alleging ineffective assistance from his appellate counsel for the failure to argue that he was improperly charged with armed robbery under both D.C. Code § 22-2801 and §22-4502, also fails. This claim is procedurally barred due to petitioner's failure to present it in the District of Columbia courts.

Due to his procedural default, petitioner can pursue habeas relief only if he shows (1) cause and prejudice or (2) a fundamental miscarriage of justice. *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). "Cause" for procedural default requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467, 493-94

---

[1] Doc. #25, Ex. 1.

(1991)(internal quotation marks omitted).

To show "prejudice", a petitioner must show "actual prejudice" arising from the claimed error. *United States v. Frady*, 456 U.S. 152, 168 (1982).

In the alternative, a petitioner may overcome a procedural default by showing that a fundamental miscarriage of justice will occur unless the federal habeas court reviews the defaulted claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To meet this standard, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Petitioner does not meet the standards to excuse the procedural default, nor could he prevail on a claim of ineffective assistance of counsel. As respondent explains, the claim lacks merit and would not entitle him to relief. The DCCA has held that the statutes under which petitioner was charged with armed robbery, D.C. Code § 22-2801 (establishing the elements of robbery) and D.C. Code § 22-4502 (establishing an additional penalty for commission of a crime while armed) allege a single offense under D.C. law. *See Fadero v. United States*, 180 A.3d 1068, 1073 (DCCA 2018)("[B]y enacting § 22-4502, the legislature authorized increased punishment for a broad category of offenses committed in an aggravated manner…by adding an additional element, i.e., while armed or having readily available a dangerous weapon, to certain underlying offenses.").

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Because the record conclusively shows petitioner is not entitled to relief in this matter, the Court will deny a certificate of appealability.

## Conclusion

Petitioner's claims of ineffective assistance of counsel do not entitle him to relief. First, appellate counsel argued the exact claim concerning the trial court's failure to instruct on a lesser included offense that petitioner alleges was improperly omitted. Next, petitioner's claim alleging that the crime of armed robbery was improperly charged under two statutes was procedurally defaulted and, in any event, was not meritorious.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

IT IS FURTHER ORDERED petitioner's motion for expeditious relief (Doc. #27) is denied as moot.

IT IS FURTHER ORDERED that no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 11th day of March, 2019, at Kansas City, Kansas.


                                    S/ John W. Lungstrum
                                    JOHN W. LUNGSTRUM
                                    United States District Judge