```
                 IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF KANSAS
```

**SALEEM EL AMIN,**

                        **Petitioner,**

              **v.**                                    **CASE NO. 18-3264-JWL**

**N.C. ENGLISH,**

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed by a District of Columbia offender held at the United States Penitentiary, Leavenworth. The Court denied the application in March 2019, and this matter is on appeal. It now comes before the Court on petitioner's second motion under Rule 60 of the Federal Rules of Civil Procedure.

In the motion, petitioner seeks relief from a void judgment under Rule 60(b)(4), arguing that he "cannot waive [his] right to a unanimous verdict." (Doc. 60, p. 1). He appears to claim that he is entitled to separate verdicts on the charged offenses of armed robbery and assault with a deadly weapon.[1]

### Background

The petition for habeas corpus (Doc. 9) presents five claims for relief, each alleging the denial of effective assistance of counsel by petitioner's appellate counsel, first, Mr. Joseph Virgilio, and, following his withdrawal, Ms. April Fearnley.

---

[1] The record shows that the trial court did not instruct the jury on the lesser-included offense of assault with a deadly weapon, finding that there was no rational basis for the jury to conclude that petitioner had committed the crime of stabbing the victim with a razor, the factual predicate for the charge of assault with a deadly weapon, but not guilty of stealing her purse while armed. The District of Columbia Court of Appeals also held that this argument lacked merit. (Doc. 25, Ex. 1, p. 4, Memorandum Opinion and Judgment).

This Court's opinion observed that the District of Columbia Court of Appeals addressed and rejected the claim concerning the failure to instruct. This Court rejected petitioner's claim that he was denied the effective assistance of appellate counsel because counsel failed to challenge the failure to instruct on the lesser-included offense, noting that petitioner's second appellate counsel, Ms. Fearnley, filed a supplemental brief that alleged error on that point, which was rejected on its merits.

## Discussion

Under Rule 60(b)(4), the Court may relieve a party from a final judgment if the judgment is void. "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Alford v. Cline*, 2017 WL 2473311, *2 (10th Cir. June 8, 2017)(unpublished)(quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)).

Plaintiff does not allege a lack of subject matter jurisdiction or jurisdiction over the parties. Due process is provided where "fundamental procedural prerequisites – particularly, adequate notice and opportunity to be heard – were fully satisfied." *Alford*, 2017 WL 2473311, *2 (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)).

Here, the Court addressed petitioner's claims of ineffective assistance of appellate counsel after briefing by the parties. *See United States v. Rogers*, 657 F. App'x 735, 738 (10th Cir. 2016)(rejecting a motion under Rule 60(b)(4) where the court had considered the party's claims and adequately addressed the arguments presented). The Court finds no reason to conclude that petitioner has

not been afforded due process in this matter.

## Conclusion

Petitioner has not advanced a viable argument under Rule 60(b)(4), and the Court will deny the motion. Likewise, the Court will deny a certificate of appealability, which requires the petitioner to make "a substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for relief from judgment (Doc. 60) is denied.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 29th day of July, 2019, at Kansas City, Kansas.


>                    S/ John W. Lungstrum
>                    JOHN W. LUNGSTRUM
>                    U.S. District Judge